*Rossell, J.
In this case it appears, that one Edsall was indebted to W. Osborne, in the sum of $250; that Osborne was indebted in a like sum to a Mrs. Arnet, who held his note for that amount; that, to take up this note, it was agreed that Edsall, and William Darrah, as security for Edsall, should give to Mrs. Arnet, a note payable to her in one year from the date of 13th of January, 1815,.with interest. Osborne waited upon Mrs. Arnet, and proposed to exchange this note of Edsall and Darrah, for the one held by Mrs. Arnet against him. She refused to make the exchange, unless Osborne would add his name to those of Edsall and Darrah, on the note; he did so, and she delivered to Osborne his note,.and received the now joint note of Edsall, Darrah and Osborne, in lieu thereof. On this note a judgment was obtained by Mrs. Arnet; execution issued, and, Edsall being insolvent, the money was collected by the officer, one-half from Darrah, and the other from Osborne, by the sale of his effects.
To recover this sum so paid by Osborne, this action was brought against Darrah, the original security to Osborne, for the debt due him from Edsall. On this state of facts, made out at the trial, the Court of Common Pleas was moved for a non-suit, which motion was overruled. The defendant’s counsel then moved the court to instruct the *89 jury, that the plaintiff was not entitled to recover; this the court refused, but did charge the jury, “ that if they considered the note to be the property of Osborne, before he signed and delivered it to Mrs. Arnet, he was entitled to recover.” A bill of exceptions was prayed for by defendant’s counsel, which was allowed, and the proceedings brought up.
That Edsall was indebted to Osborne to the amount of the note; that it wras agreed that this note, with Darrah s name, should be drawn in favor of Mrs. Arnet, for the benefit of Osborne, the creditor, to redeem his own note in her hands, is not disputed ; it was a joint promise to pay to his use, in fact, although another was named as payee. Did the obligation of the drawers of the note, to pay the whole .amount, cease, when on the refusal of Mrs. Arnet to receive it without further security, Osborne put his name to it? I think not. Had Osborne endorsed his name on the back •of the note, under a promise to guarantee its payment, .and given it to Mrs. Arnet, would he not have been ^accountable to her on the failure to pay of the original drawers ? That he placed it under “ we promise to pay ” cannot alter the nature of the transaction, and release the original payors of a note voluntarily given for his benefit. He added his name only as a further assurance to Mrs. Arnet, that the note was genuine, and the parties worthy the credit they sought from her; not, certainly, to release them from the payment, or any part of it, they had promised ■to make her. Osborne, by his signature, pledged himself to Mrs. Arnet that the note should be paid ; that she, at all events, should be safe; that pledge has been redeemed, but not from the purses of Edsall and Darrah; they have not redeemed their pledge ; they have not discharged the debt due to Osborne, which was the foundation of the note; the sole cause of its existence, and the moral obligation to pay the amount continues ; and when, by the process of the law, Osborne had paid the one-half of this sum they had promised, *90 and were bound to pay for him, he had a just and legal right to call on them to refund the 'amount taken from him by virtue of the execution.
On this view of the subject, I am of opinion that the judgment of the Court of Common Pleas be affirmed.
Kirkpatrick, O. J., concurred with Rossell, J.
Ford, J.
Richard Edsall being indebted $250 to William Osborne, procured William Darrah to be his security for that amount in a note, which they made payable (at Osborne’s request) to Elizabeth Arnet, and delivered it to Osborne, who, in the absence of Edsall and Darrah, carried it to Mrs. Arnet, and there added his owm name to the note as co-security to her, and delivered her the note in this state, for value received of her. Mrs. Arnet prosecuted all three of them, as drawers, and obtained judgment and execution. Edsall in the meantime becoming insolvent, the sheriff raised one-lialf of the money from each of the two others; whereupon Osborne, for the half he had so paid, brought an action against Darrah, on the ground of Darrah’s original promise to be sole security. Darrah’s counsel moved the court below for a non-suit, and, being unsuccessful, took a bill of exceptions containing the above case, and now raise the question of law here, whether Darrah is liable for more than the half w7hich he has paid ? and I think he is not.
Osborne, by altering the parties to the note, came in as a co-security *with Darrah for this money. If he was not security he was principal, and ought in that case to have paid the whole. It is true that Darrah promised to be security to him; but he was not suable on that promise, because it w7as not in writing; a man cannot bind himself as security without writing; he is bound only by the instrument, and is bound no further than the precise terms of the instrument go. This instrument purports what is really the *91 truth, that Darrah and Osborne wore joint securities to MrsArnet for the money, and that neither of them ought to pay the whole sum. There was another note, which purported that Darrah should pay the whole to Mrs. Arnet in case Edsall failed, but that note no longer exists; it is done away into a note of quite a different import, and Osborne is the man who did it away by his own act. A man cannot be bound beyond the scope of his written engagement as security (3‘ Wils. 350); but the scope of the written engagement of Darrah in this note is no more than this, that if Edsall foil to pay the money, Darrah and Osborne will pay it equally between them. Darrah has paid his half, and no action lies to make him pay any more. He has not received one cent of the consideration for which this note was given, and the one half is a dead loss to him ; whereas Osborne has received the whole consideration for it from Mrs. Arnet, and has made Darrah pay for one half of it- already. Further than half, the instrument does not bind Darrah to bo security, and therefore the judgment against him is without a legal foundation, and ought to be reversed.
Let judgment be affirmed.